UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

FILED BY _____ D.C.

DEC 23 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Marc Jacques,
Plaintiff,

v.                                                                  Case No.: _____

UNITED STATES OF AMERICA,
Defendant.

COMPLAINT FOR DAMAGES

(Federal Tort Claims Act – Wrongful Over-Detention)

Plaintiff, Marc Jacques, proceeding pro se, sues Defendant United States of America, and alleges as follows:

I. JURISDICTION AND VENUE

1. This Court has exclusive jurisdiction over this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b)(1), for money damages against the United States for injury and loss of liberty caused by the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment.

2. Plaintiff has exhausted all administrative remedies as required by 28 U.S.C. § 2675(a) by timely filing a Standard Form 95 with the Bureau of Prisons ("BOP"), which was formally denied on August 1, 2025.

3. Venue is proper in this District under 28 U.S.C. § 1402(b) because Plaintiff resides in this District and the acts and omissions giving rise to the claim occurred within the Southern District of Florida.

II. PARTIES
4. Plaintiff, Marc Jacques, is a citizen of the United States and a resident of West Palm Beach, Florida, residing at 1433 Drexel Road, West Palm Beach, Florida 33417.

1

5. Defendant, United States of America, is liable for the acts and omissions of its agencies and employees, including the Bureau of Prisons and the Department of Justice, acting within the scope of their official duties.

III. FACTUAL ALLEGATIONS

6. Plaintiff was serving a federal sentence under the custody and control of the Bureau of Prisons.

7. On January 17, 2025, President Joseph R. Biden, Jr. granted Plaintiff executive clemency, reducing Plaintiff's sentence to 260 months' imprisonment.

8. At the time clemency was granted, Plaintiff had already served approximately 19 years of imprisonment, meaning Plaintiff had fully satisfied the reduced sentence or was entitled to immediate release upon proper recalculation.

9. Under 18 U.S.C. § 3624(a), the Bureau of Prisons had a mandatory, nondiscretionary duty to release Plaintiff on the lawful expiration of his sentence.

10. Despite the clemency order, Defendant failed to timely and correctly recalculate Plaintiff's sentence.

11. As a direct result of Defendant's negligence, Plaintiff remained incarcerated until April 22, 2025.

12. Plaintiff was therefore unlawfully detained for forty-four (44) days beyond the date he should have been released.

13. On January 23, 2025, Plaintiff timely filed Standard Form 95, seeking $49,000 in damages for wrongful imprisonment and loss of liberty.

14. On August 1, 2025, Jeff Middendorf, Supervisory Attorney for the BOP Southeast Regional Office, denied Plaintiff's claim, asserting that Plaintiff's sentence had been "correctly calculated."

15. Subsequently, in federal court proceedings, an Assistant United States Attorney expressly conceded that: a. Plaintiff's sentence was incorrectly calculated, and
b. Plaintiff was incarcerated 44 days past his lawful release date.

16. Defendant's continued detention of Plaintiff after legal authority had expired constitutes negligence, wrongful conduct, and unlawful deprivation of liberty.

IV. CLAIM FOR RELIEF

(Federal Tort Claims Act – Wrongful Over-Detention)

17. Plaintiff realizes paragraphs 1 through 16 as if fully set forth herein.

18. Defendant owed Plaintiff a duty of care to accurately calculate his sentence and to release him upon the lawful expiration of that sentence.

19. Defendant breached that duty by failing to properly implement the presidential clemency order and by detaining Plaintiff 44 days beyond his lawful release date.

20. Defendant's conduct violated 18 U.S.C. § 3624(a) and constitutes negligence per se under applicable law.

21. The United States Supreme Court has recognized FTCA liability for federal prisoner injuries caused by government negligence.
United States v. Muniz, 374 U.S. 150 (1963).

22. The Eleventh Circuit has clearly held that detention beyond the termination of a sentence constitutes a deprivation of liberty without due process of law.
Cannon v. Macon County, 1 F.3d 1558, 1562–63 (11th Cir. 1993).

23. Plaintiff suffered actual damages, including:
a. Loss of liberty for 44 days
b. Emotional distress and mental anguish
c. Continued incarceration without lawful authority

24. Plaintiff's damages were directly and proximately caused by Defendant's negligence.

## V. DAMAGES

25. Plaintiff seeks compensatory damages in the amount of $200,000, representing compensation for 44 days of unlawful imprisonment, a reasonable and conservative sum consistent with wrongful detention jurisprudence.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant, United States of America;
B. Award Plaintiff $200,000 in compensatory damages;
C. Grant costs as permitted by law; and
D. Grant such other and further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Marc Jacques
Plaintiff, Pro Se
1433 Drexel Road
West Palm Beach, FL 33417

Marc Jacques
1433 Drexel Road
West Palm Beach, FL 33417

INSPECTED

United States District Court
Southern District of Florida
West Palm Beach Division
Paul G. Rogers Federal Bldg.
701 Clematis Street
West Palm Beach, FL 33401